# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

QUINN POINDEXTER,

        Petitioner,                      Case Number: 05-CV-71607

v.                                            HONORABLE AVERN COHN

RAYMOND BOOKER,

        Respondent.
_____/

**ORDER (1) DENYING PETITIONER'S MOTION FOR UNCONDITIONAL WRIT OF HABEAS CORPUS, (2) GRANTING RESPONDENT'S MOTION TO GRANT STAY OF WRIT OF HABEAS CORPUS PENDING APPEAL, AND (3) GRANTING PETITIONER'S MOTION FOR IMMEDIATE RELEASE ON BAIL**

This is a habeas corpus case pursuant to 28 U.S.C. § 2254. In his habeas petition, Quinn Poindexter (Petitioner) challenged the constitutionality of his 2001 convictions for assault with intent to commit great bodily harm less than murder and possession of a firearm during the commission of a felony. On May 30, 2007, this Court issued an Opinion and Order Conditionally Granting Petition for Writ of Habeas Corpus. In that Opinion and Order, the Court ordered that, unless the state court scheduled a new trial within ninety days, Petitioner must be unconditionally released. Now before the Court are Respondent's "Motion to Grant Stay of Writ of Habeas Corpus Pending Appeal," Petitioner's "Answer in Opposition to Respondent's Motion for Stay Pending Appeal; and for Immediate Bail Release from Custody," and Petitioner's "Motion for Unconditional Writ of Habeas Corpus and Order for Immediate Release."

I. Background

The Court granted a Conditional Writ on the ground that Petitioner received ineffective assistance of counsel. The Court held that counsel was ineffective in failing to call two alibi witnesses and failing to call a third witness to testify regarding the victim's statement after the shooting, and that Petitioner was prejudiced by these errors. The Conditional Writ provided that unless a date for a new trial was scheduled within ninety days, Petitioner must be unconditionally released.

Respondent has moved to stay the Court's Conditional Writ pending appeal. Petitioner opposes that motion and also moves for immediate release on bail. Petitioner also moves for the issuance of an unconditional writ and immediate, unconditional release.

II. Analysis

A. Motion for Unconditional Writ

Petitioner moves for issuance of an unconditional writ and immediate, unconditional release. The Court's Conditional Writ stated:

> Unless a date for a new trial is scheduled within ninety days, Petitioner Poindexter must be unconditionally released.

Opinion and Order, May 30, 2007, p. 28.

Poindexter argues that, because ninety days have elapsed and a new trial date has not yet been set, Respondent has failed to comply with the Court's Order and he must be unconditionally released. Petitioner relies primarily on the Sixth Circuit's decision in Satterlee v. Wolfenbarger, 453 F.3d 362 (6th Cir. 2006), cert. den. 1275 S. Ct. 1832 (2007).

2

In Satterlee, the respondent appealed the district court's decision granting a conditional writ and the subsequent decision granting an unconditional writ. The district court granted a conditional writ on the ground that Satterlee's trial counsel failed to inform him of a favorable plea offer made on the morning of trial. Satterlee was found guilty following a jury trial. In the conditional writ, the district court allowed the petitioner to apply for immediate release unless the state made available to him within sixty days the original plea offer. Because the state did not make such an offer to the petitioner, the district court granted an unconditional writ ordering the petitioner's immediate release.

Satterlee is distinguishable from the pending case. In Satterlee, the respondent did not file a motion for stay pending appeal. In contrast, in this case, Respondent filed a Motion to Stay. The Motion was filed well before expiration of the ninety-day period for complying with the Conditional Writ. While it may have been advisable for Respondent to seek an extension of time to comply with the Conditional Writ given the pending motion to stay,[1] his failure to do so does not warrant issuance of an unconditional writ because his Motion to Stay was already pending in this Court. *C.f.* Cristini v. McKee, 2006 WL 2502410 E.D. Mich.,2006, *1-2 (E.D. Mich. Aug 29, 2006) (Hood, J.) (granting unconditional writ where respondent failed to file a motion to stay pending appeal). Respondent exercised diligence in timely filing a Motion to Stay and acted reasonably in awaiting the Court's decision on that Motion before scheduling a

---

[1] A district court retains discretion to grant the state additional time beyond that prescribed in the Conditional Writ to comply with the requirements therein. See Gibbs v. Frank, __ F.3d __, 2007 WL 2429228, *5 (3d Cir. Aug 29, 2007).

new trial. Therefore, the Court shall deny the motion.

    B. Motion to Grant Stay and Motion for Immediate Release on Bail

In deciding whether to stay an order granting habeas corpus relief pending appeal, a federal court should consider the following factors:

  (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

  (2) whether the applicant will be irreparably injured absent a stay;

  (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

  (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

The court may also consider the risk that a petitioner may pose a danger to the public if released. Id. at 777. Also to be considered is the state's interest in "continuing custody and rehabilitation pending a final determination of the case on appeal. . . ; it will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." Id. The ultimate determination "may depend to a large extent upon determination of the State's prospects of success in its appeal." Id. Where the state establishes a strong likelihood of success on the merits, or demonstrates a substantial case on the merits, continued custody is permissible if the State will be irreparably injured absent a stay and the public interest counsels in favor of a stay. Id. at 778. Where the state fails to make such a showing, the stay should be denied. Id.

In addition, Federal Rule of Appellate Procedure 23(c) provides that, while a decision ordering the release of a prisoner is on appeal, "the prisoner must – unless the

4

court or judge ordering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise – be released on personal recognizance, with or without surety." The United States Supreme Court has held that this rule "undoubtedly creates a presumption of release from custody in such cases." Hilton, 481 U.S. at 774. That presumption, however, may be overcome in the district court judge's discretion. Id.

Under the first Hilton factor, the Court must consider whether the State has made a strong showing that it is likely to succeed on the merits. Respondent provides little argument in support of his claim that he is likely to succeed on the merits.

Respondent argues that the Court failed to give due consideration to the victim's identification of Poindexter as the shooter. In fact, the Court gave significant consideration to this testimony and concluded that the identification testimony could have and should have been called into doubt by presenting alibi witnesses Griffin and Moore. Respondent's remaining arguments attempting to show a likelihood of success on appeal amount to re-argument of the issues without any new analysis or case citation.

Second, the Court must consider whether the State will be irreparably injured absent a stay. Respondent argues it would suffer irreparable injury absent a stay because: (I) the State has a "clear and obvious interest in continuing custody" of Petitioner; (ii) Petitioner presents a flight risk; and (iii) Petitioner's release would pose a real and substantial danger to the public.

The State does not have a defensible interest in the continued incarceration of someone whose conviction was obtained in violation of his constitutional right to

5

effective counsel. In addition, as the Court found in the opinion granting a conditional writ, Petitioner presents a compelling argument of actual innocence, including favorable results from a polygraph examination. Respondent provides no support for his claim that Petitioner presents a flight risk or that sufficient oversight could not be arranged, and Pretrial Services does not consider Petitioner a flight risk. However, it would be a waste of judicial resources for the appeal to proceed in the Sixth Circuit Court of Appeals, while simultaneously requiring the State to retry Petitioner.

Third, the Court must consider whether issuance of a stay will substantially injure Petitioner. Issuance of a stay without also releasing Petitioner on bond will substantially injure Petitioner. Petitioner would suffer irreparable harm each day he remains imprisoned pursuant to a conviction rendered in violation of the United States Constitution. See Burdine v. Johnson, 87 F. Supp. 2d 711, 717 (S.D. Tex. 2000) (remedying a prisoner's confinement in violation of the Constitution "is the very essence of the writ of habeas corpus"). Respondent's appeal to the Court of Appeals for the Sixth Circuit could take eighteen months to be resolved. This would be an unconscionably extended period of time for Petitioner to be incarcerated pursuant to a conviction which this Court has held was rendered in violation of Petitioner's constitutional right to the effective assistance of counsel.

Finally, the fourth Hilton factor requires consideration of where the public interest lies. The public has a dual and sometimes competing interest in the State's sentences being enforced and in the State not incarcerating individuals in violation of the United States Constitution. The public also has an interest in being protected from dangerous individuals.

In this case, the public's interest in having the State's judgments and sentences enforced is overridden by this Court's conclusion that Poindexter's sentence was imposed in violation of his right to the effective assistance of counsel.

Petitioner has been incarcerated since March 2001. It appears that Petitioner's record while incarcerated, while not unblemished, presents no significant concern regarding his ability to be released into the community without posing a threat to others. Pretrial Services has confirmed that Petitioner would reside with his sister in the city of Detroit if released on bond. Pretrial services has determined that Petitioner is not a risk of flight and, with the imposition of certain conditions, recommends that Petitioner be released on a $50,000 unsecured bond.

Further, Petitioner has been informed of the risks of being released. First, should the Court of Appeals reverse the Court's decision, he will have to return to prison. Second, even if the Sixth Circuit affirms the Court's decision, the State may opt to retry Petitioner and he may again be convicted and have to return to prison.

Petitioner has an unassailable right not to be incarcerated pursuant to a constitutionally infirm conviction. At the same time, Respondent has an interest in not wasting State and judicial resources by simultaneously pursuing an appeal in the Court of Appeals and re-prosecuting Petitioner in state court. The Court finds that these competing interests are best reconciled by granting Respondent's Motion for Stay Pending Appeal and granting Petitioner's request for release on bond pursuant to the conditions set forth below.

III. Conclusion

Accordingly, IT IS ORDERED that Petitioner's Motion for Unconditional Writ of

Habeas Corpus and Order for Immediate Release is DENIED.

IT IS FURTHER ORDERED that Respondent's Motion for Stay Pending Appeal is GRANTED and this Court's Opinion and Order Conditionally Granting Petition for Writ of Habeas Corpus is STAYED PENDING DISPOSITION OF APPEAL in the United States Court of Appeals for the Sixth Circuit.

IT IS FURTHER ORDERED that, if the Sixth Circuit Court of Appeals affirms this Court's judgment granting a writ of habeas corpus, the stay shall automatically be lifted and the State must schedule a new trial within NINETY DAYS of the disposition of the appeal or Petitioner shall be unconditionally released.

IT IS FURTHER ORDERED that Petitioner's request for release on bond is GRANTED. Petitioner shall be released on a $50,000 unsecured bond under the supervision of and in accordance with the conditions set forth by Pretrial Services.

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: September 20, 2007

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 20, 2007, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160